*632
 
 Opinion
 

 WHITE, P. J.
 

 An insurance company defendant in an action for bad faith failure to contribute to a settlement asks us to protect it from disclosing to its insured the defendant’s reinsurance agreements and related documents and communications. We conclude that the superior court abused its discretion in ordering disclosure.
 

 We need not fully explain the underlying action. In brief, Fireman’s Fund Insurance Company (Fireman’s Fund hereafter) provided excess insurance coverage for PaineWebber Real Estate Securities, Inc., and related corporations (PaineWebber hereafter) but refused to contribute to a settlement between PaineWebber and Homestead Savings. Fireman’s Fund contends that PaineWebber did not convincingly show that the primary insurance coverage had been exhausted. PaineWebber has sued Fireman’s Fund for the full cost of settlement, alleging breach of contract and “bad faith” failure to contribute to settlement.
 

 As part of an extensive document request, PaineWebber asked Fireman’s Fund to produce all documents related to any reinsurance agreement covering the PaineWebber policy and all documents related to reinsurance of the particular claim arising out of Homestead Savings’s action against PaineWebber. When Fireman’s Fund resisted, PaineWebber moved to compel production. Fireman’s Fund claimed that the documents were not relevant, and raised other objections.
 

 The petition before us concerns an order that Fireman’s Fund furnish to PaineWebber: “Each document that describes, summarizes, reflects, refers to, or constitutes any insurance (or reinsurance) agreement” under which an insurance company might be liable to satisfy a judgment against Fireman’s Fund or reimburse Fireman’s Fund, and “[a]ll documents that relate to the subject of reinsurance in connection with any claim arising out of [Homestead Savings’ federal court actions against PaineWebber] that PaineWebber made against any policy of insurance issued by Fireman’s Fund.”
 

 In proceedings below, PaineWebber justified its request by noting that Fireman’s Fund’s former director of reinsurance claims testified that on occasion reinsurers attempted to influence or pressure Fireman’s Fund either to settle or not to settle. Therefore, according to PaineWebber, “Communication between Fireman’s Fund and its reinsurer concerning PaineWebber’s claim is relevant with respect to Fireman’s Fund’s investigation and evaluation of the claim, and with respect to any pressure from the reinsurer and Fireman’s Fund’s response to such pressure.” In its opposition brief to this
 
 *633
 
 court, Paine Webber elaborates on that argument and adds that “communication between Fireman’s Fund and its reinsurers may reveal Fireman’s Fund’s candid evaluation of PaineWebber’s claim, at different stages of the underlying litigation.” The only justification Paine Webber gives for disclosure of the reinsurance agreements is that they would provide “context for the communication documents.”
 

 Code of Civil Procedure section 2031, which governs production of documents, authorizes a court “for good cause shown” to “make any order that justice requires to protect any party or other natural person or organization from unwarranted annoyance, embarrassment, or oppression, or undue burden and expense.” (§ 2031, subd. (e).) The section specifically authorized a court to protect confidential “commercial information” from unwarranted disclosure. (§ 2031, subd. (e)(5).) The court may order items produced under seal and opened only on order of the court after in camera review. (§ 2031, subd. (e)(6).)
 

 In spite of this broad authority to protect confidential commercial information, the court ordered production of every document which refers to or reflects a reinsurance agreement under which another insurer might be liable to satisfy the Homestead judgment and every document relating to reinsurance of the claim arising out of the Homestead action. The only “protection” provided by the court was the opportunity for Fireman’s Fund to claim “privilege” for specific documents and have the court rule on PaineWebber’s challenges to the claims of privilege.
 

 We agree with Paine Webber that communications between the reinsurers and Fireman’s Fund about the Homestead claim
 
 may be
 
 relevant to the bad faith cause of action. But they may be irrelevant or entirely innocuous, and they may contain sensitive commercial information. The court abused its discretion in ordering disclosure of these and other reinsurance documents without first reviewing them in camera (cf.
 
 Mavroudis
 
 v.
 
 Superior Court
 
 (1980) 102 Cal.App.3d 594, 606, fn. 4 [162 Cal.Rptr. 724]) to determine whether they were of any value to PaineWebber’s case and whether sensitive matter should be excised before disclosure.
 
 [1]
 
 The court also erred in ordering production of the reinsurance agreements. PaineWebber’s desire to review them for “context” is a patently insufficient ground for production of highly sensitive commercial information.
 

 We issue a peremptory writ of mandate in the first instance. (Code Civ. Proc., § 1088;
 
 Palma
 
 v.
 
 U.S. Industrial Fasteners, Inc.
 
 (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)
 

 
 *634
 
 Let a peremptory writ of mandate issue directing the San Francisco County Superior Court to vacate its order requiring production of reinsurance agreements and related documents and communications.
 

 Strankman, J., and Chin, J., concurred.
 

 [1]
 

 In proceedings below, Fireman’s Fund did not mention commercial sensitivity as a grounds for protection, but this is implied in its assertion of attorney-client and work product protection.