[No. A054076. First Dist., Div. Three. Nov. 18, 1991.]

JOHN Z.,* Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
GLEN A. SWAFFORD et al., Real Parties in Interest.

*This is a fictional name used only for the purpose of protecting petitioner's real identity.

**COUNSEL**

Vaca & Vaca and Nicolas C. Vaca for Petitioner.

No appearance for Respondent.

Jeffrey D. Polisner and Carl P. A. Nelson for Real Parties in Interest.

**OPINION**

**WHITE, P. J.**—The Contra Costa Superior Court has ordered disclosure of the identity of a "whistle-blower," identified here only as "informant," who advised Pacific Gas and Electric Company (PG&E) of alleged fraud by people paid by PG&E for services (contractors). The question before us is whether the contractors who are seeking disclosure made a sufficient showing of need to overcome informant's showing of danger from disclosure. We conclude that the court abused its discretion in ordering disclosure.

PG&E's power plants on the Sacramento and San Joaquin Rivers discharge particulate matter which can stain boat and vehicle finishes. Because of this, PG&E contracted with various local businesses to clean boats and vehicles and to make covers for them. According to PG&E, it learned from informant that some of the contractors were being paid for services not

rendered. Informant had no direct proof, but PG&E conducted an investigation which confirmed informant's tip. PG&E's evidence is wholly independent of the evidence provided by informant.

PG&E filed an action against contractors seeking damages for alleged fraud. During deposition of PG&E employee Douglas G. Keeler, contractors learned about informant's role and questioned Keeler about it. As he had promised informant, Keeler refused to disclose informant's identity.

Glen A. Swafford of Swafford Storage, one of the contractors, moved to compel Keeler to identify informant. PG&E and informant resisted the motion. At the court's direction, informant filed a sealed declaration describing the threat to his/her life. After hearing, despite PG&E assurance that informant would not be called as a witness at trial, the court ordered disclosure. This petition followed. We have stayed the disclosure order pending our determination of the petition, and we have maintained under seal those documents which might tend to reveal informant's identity.

The court has broad authority to protect a "party, deponent, or other natural person" from "unwarranted annoyance, embarrassment, or oppression." A court's protective order "may include, but is not limited to" directing that a deposition may not be taken or a matter may not be inquired into (Code Civ. Proc., § 2025, subd. (i)). This authority necessarily includes the authority to protect the identity of an informant whose safety would be jeopardized by disclosure. But the informant's interests must be balanced against the litigant's need for the information. ■ Thus, the question before us is whether the court abused its discretion when it impliedly found that Swafford's showing of need to know informant's identity outweighed informant's showing of danger from disclosure. (*BP Alaska Exploration, Inc.* v. *Superior Court* (1988) 199 Cal.App.3d 1240, 1261-1262 [245 Cal.Rptr. 682].)

In a sealed opposition brief, Swafford presents his reasons for disclosure of informant's identity. Briefly, Swafford suggests that informant may know something negative about PG&E, such as that it failed to fully mitigate damage or that it expressed a desire to put one or more of the contractors out of business. If PG&E did intend to put a contractor out of business, its intention might have affected the way in which it conducted its investigation. Informant might have evidence to support the libel allegations in Swafford's cross-complaint, or Swafford's action for breach of the covenant of good faith and fair dealing.

We note that Swafford did not present these reasons in his moving papers below. But even if we assume he presented them orally, we find them far

from compelling. Either (a) informant was not an eyewitness to important events and would not be helpful to Swafford or (b) informant was an eyewitness to cleanup, billing, or PG&E's response and may be found (but not fingered as the informant) during routine discovery. Swafford claims that searching for informant by deposing former employees and others who might have been eyewitnesses is akin to looking for a needle in a haystack. But Swafford merely seeks a short cut through normal discovery procedures. Had PG&E investigated without a tip or had informant presented his/her tip anonymously, Swafford would be no worse off than he is now. He has no compelling need to learn who blew the whistle.

Informant presented a four-page declaration reciting the threat he/she received from one of the contractors and his/her reason for treating the threat as serious. The court's memorandum of decision gave reasons for finding that the declaration did not make the prerequisite showing of good cause for a protective order. The court did not find that the threat was not made or was inherently unbelievable. Rather, the court merely discounted the seriousness of the danger.

The factors mentioned by the court, which do undercut somewhat the danger, might have tipped the balance for disclosure had Swafford presented a compelling reason for disclosure. But with Swafford's meager showing, the court abused its discretion in failing to protect informant from the danger inherent in disclosing his/her identity. The danger, though somewhat speculative, was based on a communicated threat which was taken seriously by its recipient. The court was in no position to totally discount it. The court erred in ordering disclosure of informant's identity.

We issue a peremptory writ of mandate in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Contra Costa County Superior Court to vacate its order compelling disclosure. Unless otherwise ordered by the California Supreme Court, all sealed documents will remain under seal, to be viewed only by a reviewing court.

Merrill, J., and Chin, J., concurred.