AMENDED MEMORANDUM *
Dennis L. Parker (“Parker”) appeals the district court’s grant of summary judgment in favor of the Yuba County Water District (“District”) on Parker’s procedural due process claim regarding his employment termination. Because we find that under the particular facts of this case, the District cannot rely on the provisions of California Water Code § 30542 to control whether Parker could be terminated without cause, we reverse and remand to the district court.
Where the terms in a public employee’s employment agreement may be inconsistent with a statute that provides that a position is to be “at the pleasure” of the governing agency, California law recognizes that the governing entity may be collaterally estopped from denying the validity of the contractual terms. See Healdsburg Police Officers v. City of Healdsburg, 57 Cal.App.3d 444, 129 Cal.Rptr. 216 (1976), overruled on other grounds by Palma v. United States Indus. Fasteners, 36 Cal.3d 171, 181, 203 Cal.Rptr. 626, 681 P.2d 893 (1984).
Parker’s position as General Manager was offered to Parker in a written agreement, signed by the then-president of the District’s Board of Directors (“Board”) and by Parker. Parker’s employment agreement specifically provided that “Manager [Parker] will be subject to all regulations of Personnel Policies.” The pertinent provision in the Personnel Policies reads, “[a]ny employee can be dismissed if there is a valid cause for doing so.” Accordingly, we find that the Board is es-topped from denying its contract with Parker. See Healdsburg, 57 Cal.App.3d at 444, 129 Cal.Rptr. 216. Parker therefore had a “legitimate claim of entitlement” to his employment.
The essential requirements of due process are notice and an opportunity to respond. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Because Parker was not permitted to attend the Board meeting, and was never given any notice or an opportunity to respond to the Board’s use of the statements he made to Colantuono, the termination procedure did not afford Parker the procedural safeguards provided for by the due process clause. See id. at 545, 105 S.Ct. 1487. The District has never contended there are triable issues with respect to whether it actually afforded Parker notice and opportunity to respond.
We reverse and remand to the district court for further proceedings as to remedy.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.