Filed 5/30/13  Blue Shield of Cal. Life & Health Ins. v. Super. Ct. CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Respondent;<br><br>ELVIS BOKAN et al.,<br><br>    Real Parties in Interest. | A138356<br><br>(San Francisco City & County<br> Super. Ct. No. CGC-11-510839) |

Blue Shield of California Life & Health Insurance Company (Blue Shield) filed a timely petition for writ of mandate pursuant to Code of Civil Procedure, section 437c, subdivision (m)(1), seeking reversal of the trial court's order denying its motion for summary judgment on the grounds it is entitled to summary judgment as a matter of law. We shall grant the petition.

### BACKGROUND

Real parties in interest Elvis Bokan, by and through his guardian ad litem Rebekah Bokan (his mother) and Rebekah Bokan, individually, filed a complaint against Blue Shield in May 2011, alleging causes of action for breach of contract, breach of covenant of good faith and fair dealing, and relief from asserted forfeiture.  The complaint alleged

1

these facts:  Rebekah purchased a contract of family health insurance (Policy) from Blue Shield, effective March 1, 2009, which provided benefits to her, her spouse and children for a range of medically necessary services; Rebekah's son Elvis was born on January 25, 2010; on or about March 1, 2010, Elvis was admitted to Sutter Hospital for medical care and was discharged on or about March 13, 2010; Sutter Hospital issued a bill of charges for over $182,000 in medical services and other contractors at the hospital issued separate invoices; the type of services provided to Elvis at Sutter Hospital were covered under the Policy, but Blue Shield refused to pay for the care Elvis received at Sutter Hospital.

The Policy contains a "Conditions of Coverage" section with a subsection entitled "Limitation [of] Enrollment."  Paragraph 3 under "Conditions of Coverage, Enrollment," states:  "The Effective Date of the benefits of a newborn child will be the date of birth subject to the section entitled LIMITATION OF ENROLLMENT."  The section entitled "Limitation Of Enrollment" provides that coverage of a newborn child whose effective date of coverage is established as his or her date of birth under paragraph 3 "*shall terminate on the 32nd day following that Dependent's Effective Date unless a Subscriber Change Request for the Dependent is submitted to Blue Shield Life prior to such 32nd day*."

Blue Shield filed its motion for summary judgment in May 2012.  Blue Shield asserted it was entitled to summary judgment because the undisputed facts showed Rebekah failed to send Blue Shield a subscriber change request adding baby Elvis to the Policy within 31 days, therefore, Elvis was not an insured under the Policy and, thus, all causes of action failed as a matter of law.

On March 18, 2013, the trial court filed its order denying defendant's motion for summary judgment and summary adjudication.  In pertinent part, the trial court ruled: "Plaintiffs have met their burden of showing there is a triable issue of material fact whether Plaintiff provided timely notice to Blue Shield prior to March 10, 2010 sufficient for Elvis to be included as a dependent to the policy.  [Citation.]  [Fn. omitted.] Defendant knew Ms. Bokan was expecting a child and communicated with her about her delivery date.  Defendant received claims for Elvis's coverage several days after his birth

2

with the Bokans' subscriber information number, and Elvis's home address. This was the nature of the information that Defendant needed to add a newborn dependent to a policy. This issue of notice is sufficient to deny summary adjudication on each of the causes of action in the Complaint for which summary adjudication is sought, and punitive damages."

## DISCUSSION

"We review an order denying a motion for summary judgment de novo. [Citation.] Summary judgment is properly granted when the papers show there is no triable issue of material fact, and the moving party is entitled to judgment as a matter of law. [Citation.] Issues of law, including statutory construction and the application of that construction to a set of undisputed facts, are subject to this court's independent review. [Citation.]" (*Hill Brothers Chemical Co. v. Superior Court* (2004) 123 Cal.App.4th 1001, 1005 (*Hill Brothers*).)

"An order denying a motion for summary judgment may be reviewed by a petition for writ of mandate. (Code Civ. Proc., § 437c, subd. (m)(1).) Where the trial court's denial of a motion for summary judgment will result in a trial on nonactionable claims, a writ of mandate will issue. [Citation.]" (*Hill Brothers, supra,* 123 Cal.App.4th at p. 1005.)

In its mandamus petition, Blue Shield asserts that even if it was aware Rebekah was pregnant and accepted claims incurred by Elvis within the initial period of 31-day coverage after his birth, this does not raise a triable issue of material fact, as the trial court determined. Rather, Blue Shield contends the issue remains one of law—whether Blue Shield can be held liable for nonpayment when the Policy specifically provides that coverage for a newborn child does not extend beyond 31 days unless a subscriber change request form is submitted to Blue Shield.

Blue Shield's contention has merit. As noted above, the Policy contained specific limitations on the enrollment of a newborn child, providing that a newborn child is covered for a period of 31 days after the date of birth, and that such coverage terminates on the 32nd day "*unless a Subscriber Change Request for the Dependent is submitted to*

3

*Blue Shield Life prior to such 32nd day*." Whereas, real parties in interest acknowledge they did not submit a subscriber change request adding baby Elvis to the Policy within the 31-day period, they assert notice should be imputed to Blue Shield on the grounds Blue Shield received all the information necessary to include baby Elvis in the Policy within the 31-day period—Blue Shield knew Rebekah was expecting a child, communicated with her about her delivery date and received claims for baby Elvis's birth-related medical care several days after his delivery that included the Bokans' subscriber number, Elvis's name and the Bokans' home address.

Real parties in interest's contention misses the mark and ignores the fact that the Policy requires the subscriber to notify Blue Shield by a written subscriber change request that the subscriber wishes to continue coverage for the newborn child beyond the 31-day period following birth. Such notification is an affirmative requirement and a condition precedent to continued coverage for a newborn child under the Policy. (See *Redlands Community Hospital v. New England Mutual Life Ins. Co.* (1994) 23 Cal.App.4th 898, 908 [affirming summary judgment in favor of defendant insurance company in coverage dispute over newborn twins who were hospitalized for more than two months after birth, where policy "requir[ed] evidence of insurability in any application made after the 31-day period"]; see also *Prudential Ins. Co. of America, Inc. v. Superior Court* (2002) 98 Cal.App.4th 585, 600–601 (*Prudential*) [issuing writ of mandate directing trial court to enter summary judgment in favor of defendants insurance companies on the grounds claimant was not insured under her father's employee health plan as a qualified dependent because undisputed facts showed she was not enrolled as a full-time student at the time of her accident].)

In sum, the "Limitation [Of] Enrollment" provision in the Policy is clear and unambiguous. (See *Prudential, supra,* 98 Cal.App.4th at pp. 598–599 [policy interpretation is subject to independent review and "plain meaning of a policy provision governs"].) That provision required Rebekah to submit a subscriber change request to Blue Shield within 31 days in order to continue coverage for her newborn child, and the

4

undisputed facts show she failed to do so.  Thus, the trial court should have entered summary judgment in favor of Blue Shield.

## DISPOSITION

We have previously notified the parties we might issue a peremptory writ in the first instance.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) No useful purpose would be served by further briefing and oral argument.

Accordingly, let a peremptory writ of mandate issue commanding the Superior Court of the City and County of San Francisco, in its case No. CGC-11-510839, to vacate its order denying the motion for summary judgment of Blue Shield, and to enter a new order granting the motion.  Each party is to bear its own costs in this original proceeding.

_____

Sepulveda, J.*

We concur:

_____

Dondero, Acting P.J.

_____

Banke, J.

* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5