Filed 10/19/15  Turner v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CASEY RYAN TURNER, | |
| Petitioner, | E064073 |
| v. | (Super.Ct.No. BLF1500012) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate and/or prohibition.

Charles Everett Stafford, Jr., Judge.  Petition is granted in part and denied in part.

John Patrick Dolan for Petitioner.

No appearance for Respondent.

Michael A. Hestrin, District Attorney, and Natalie M. Lough, Deputy District

Attorney, for Real Party in Interest.

1

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

As pertinent, petitioner was charged with two counts of attempted dissuasion of a witness under Penal Code section 136.1. One count—that involving statements made to the victim at the time of the assault—is clearly supported by the evidence introduced at the preliminary hearing. However, the second count was directed towards *later* harassment of the victim, and the victim could only testify that he recognized the voice of a second perpetrator. No evidence connected petitioner with this harassment. The People concede the point.

Accordingly, the petition for writ of mandate and/or prohibition is granted in part and denied in part.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of Riverside County to vacate its order denying petitioner's motion to dismiss count 3 of the information, and to enter a new order granting the motion in that respect only. In all other respects the petition is denied.

Petitioner is directed to prepare and have the peremptory writ of mandate and/or prohibition issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. In the interest of justice and given the concession by the People, this order shall be final forthwith.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


HOLLENHORST
J.

3