Filed 7/3/23  Dunn v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JASON ANDREW DUNN, SR., | C098537 |
| Petitioner, | (Super. Ct. No. STK-CR-FMISC-2023-0003976) |
| v. | |
| THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

This petition for writ of mandate by Jason Andrew Dunn, Sr., challenges a March 3, 2023, decision by respondent San Joaquin County Superior Court denying him bail.  Petitioner claims respondent court erred in denying him bail because he does not

1

fall within any of the exceptions to the general right to bail set forth in article I, section 12 of the California Constitution (section 12). We agree.

## FACTUAL BACKGROUND

On March 3, 2023, petitioner was charged by complaint with being a felon in possession of a firearm in violation of Penal Code[1] section 29800, subdivision (a)(1) and possession of ammunition in violation of section 30305, subdivision (a)(1). That same day he was arraigned before the magistrate and denied bail. He sought relief in the superior court by filing a petition for writ of habeas corpus, which was denied on May 4, 2023.

On May 18, 2023, this court advised the parties that it was considering treating the petition for writ of habeas corpus filed in this court as a petition for writ of mandate and requested real party in interest, the People, serve and file an informal written response to the petition. The People filed an opposition on June 12, 2023, and petitioner filed a reply to the opposition on June 15, 2023. We subsequently directed the petition be treated as a petition for writ of mandate and advised the parties that we were considering issuing a peremptory writ of mandate in the first instance and provided additional time to file any further opposition. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.)

## DISCUSSION

Petitioner claims he is entitled to bail based on section 12. That section provides in relevant part: "A person shall be released on bail by sufficient sureties, except for:
"(a) Capital crimes when the facts are evident or the presumption great;
"(b) Felony offenses involving acts of violence on another person, or felony sexual assault offenses on another person, when the facts are evident or the presumption great

---

[1] All further undesignated statutory references are to the Penal Code.

2

and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or

"(c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released."

Petitioner does not fall within any of the exceptions set forth in section 12. Accordingly, we find he is entitled to bail consistent with the reasoning of the court in *In re Kowalczyk* (2022) 85 Cal.App.5th 667, review granted March 15, 2023, No. S277910, which holds that persons who do not fall within any of the exceptions set forth in section 12 are entitled to bail. (*Id.* at pp. 684-685.)

## DISPOSITION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue a peremptory writ forthwith and without oral argument. (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1243-1244; *Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at p. 178.) Let a peremptory writ of mandate issue: (1) directing San Joaquin County Superior Court vacate its March 3, 2023, ruling denying petitioner bail; and (2) hold a new bail hearing consistent with the procedures described in *In re Humphrey* (2021)

11 Cal.5th 135, which sets forth the relevant factors the court must consider in determining bail.  (*Id.* at pp. 152-156.)


 

 

                                          _____

                                          HULL, Acting P.J.


We concur:


_____

RENNER, J.


_____

EARL, J.