[No. B068272. Second Dist., Div. Three. Aug. 28, 1992.]

GLOBE INTERNATIONAL, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JOAN COLLINS, Real Party in Interest.

## COUNSEL

Deutsch, Levy & Engel, Paul M. Levy, Glassman & Browning, Anthony Michael Glassman and Stephen J. Rawson for Petitioners.

No appearance for Respondent.

Iverson, Yoakum, Papiano & Hatch, Neil Papiano and Barbara L. Berkowitz for Real Party in Interest.

## OPINION

THE COURT.*—This petition for writ of mandate raises a question of first impression: Can a person aggrieved by the taking and publication of photographs and the publication and distribution of the photographs with an accompanying text in a widely distributed newspaper state a cause of action under the Racketeer Influenced and Corrupt Organizations Act (RICO). (18 U.S.C. § 1961 et seq.)[1] The answer is no. The RICO cause of action which plaintiff Joan Collins (Collins) attempts to allege rests entirely on ordinary

---

*Before Klein, P. J., Croskey, J., and Hinz, J.

[1] Title 18 of the United States Code section 1962(c) provides: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ."

tort allegations of invasion of privacy, intentional infliction of emotional distress, and libel. We hold that as a matter of law, distribution of a newspaper, even if that newspaper contains an "injurious falsehood," is not an act of "racketeering" for purposes of satisfaction of the RICO requirement of illegal conduct. Collins can allege no "racketeering" activity against Globe International, Inc. Common law torts such as the invasion of privacy/injurious falsehood claims alleged here do not constitute the type of conduct which RICO was intended to prohibit.

## INTRODUCTORY STATEMENT

A story in the August 20, 1991, edition of a newspaper, distributed by Globe International, Inc., entitled "Him Tarzan—Me Joan" included photographs taken with a high technology lens of plaintiff Collins and a male guest and their conduct while on private property. Petitioners Globe International, Inc., Mike Rosenbloom, Wendy Henry, and Charles Montgomery (collectively Globe) are defendants in an action brought by Collins, in which action Collins alleges various invasion of privacy and defamation causes of action based on publication and distribution of the article. In addition, Collins characterizes the taking of the photographs and the publication and distribution of the article as "racketeering" activities and attempts to allege a RICO cause of action. The respondent court overruled Globe's demurrer to the ninth cause of action in which Collins attempts to allege the RICO claim.

Globe then filed this petition seeking a writ of mandate directing the respondent court to vacate its order and to enter in its place an order sustaining without leave to amend the demurrer to the RICO cause of action. Upon our initial review of the petition and the supporting documents, we notified all parties of the possibility we would issue a peremptory writ of mandate in the first instance. (See, *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

Having reviewed the complete record and the briefs of the parties, we hold Collins cannot allege a RICO cause of action based solely upon allegations Globe invaded Collins's privacy by taking photographs of her while she was on private property, by publishing the photographs and accompanying text in a widely circulated tabloid and by distributing the tabloid to the general public, which publication and distribution allegedly caused injury to Collins. The attempt to allege a RICO cause of action is based on ordinary tort causes of action, i.e., libel, damage to reputation, invasion of privacy, false light, public disclosure of private facts, and intentional infliction of emotional distress. We find, as a matter of law, Collins is limited to the relief available in tort and may not seek triple damages through an improper attempt to place

a RICO label upon tort claims. Accordingly, the petition for writ of mandate is granted.

## BACKGROUND

The complaint alleges invasion of privacy, publication of false facts, libel, and intentional infliction of emotional distress. In addition to the tort claims, Collins, in the ninth cause of action of the second amended complaint, alleges Globe, its owners, publishers, and employees are associated together as "enterprises" engaged in interstate or foreign commerce using interstate mail and wires, purchasing supplies, etc., interstate and foreign commerce and involving citizens of different states. Collins alleges Globe conspired to unlawfully take and distribute photographs of celebrity victims and to publicly distribute such photographs and written text which misrepresented, defamed, and misappropriated the celebrity images to increase sales and profits. Two specific examples of the conduct which Collins alleges as racketeering activity are alleged: (a) the photographing of Collins and friend in June or July 1991 and the publication of the photographs and defamatory text on August 20, 1992; and (b) the photographing of Rod Stewart and Rachel Hunter in March or April 1991 and the publication of the photographs and written text on May 7, 1991. The complaint further alleges the sale and distribution of newspapers containing the photographs and defamatory statements about Collins and other celebrities is a conspiracy to derive income from such allegedly illegal activities and to reinvest such income in the newspaper in order to continue the activities. The complaint alleges this conduct constitutes "racketeering activities" under RICO.

Globe contends: (1) The attempt to punish speech by alleging injuries arising from publication of photographs and the accompanying text in a nationally distributed newspaper as a RICO claim is an impermissible evasion of First Amendment restrictions on liability; (2) The injuries alleged do not involve a tangible financial loss; (3) The RICO claim fails to meet the strict pleading requirements in that the predicate acts are not alleged with particularity; and (4) No pattern of racketeering activity is or can be alleged.[2]

---

[2]*Berg* v. *First State Ins. Co.* (9th Cir. 1990) 915 F.2d 460, requires a plaintiff seeking triple damages under RICO to show a *concrete financial loss* rather than merely "injury to a valuable intangible property interest[.]" (*Id.* at p. 464; accord, *Oscar* v. *University Students Co-Op. Assn.* (9th Cir. 1992) 965 F.2d 783.) Our decision that the conduct alleged does not and cannot constitute a pattern of racketeering activity makes it unnecessary to address whether Collins can assert a concrete financial loss arising from publication of the article.

## DISCUSSION

### 1. *Standard of Review*

■ Where, as here, our review involves the sufficiency of the allegations in a complaint against a demurrer, we are guided by long-established rules. We accept as true " 'all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Blatty* v. *New York Times Co.* (1986) 42 Cal.3d 1033, 1040 [232 Cal.Rptr. 542, 728 P.2d 1177].) When the allegations of the complaint contradict or are inconsistent with facts which may be judicially noticed, we accept the facts and reject the allegations. (*Ibid.*)

### 2. *Elements of RICO Claim*

■ RICO was intended to prevent the takeover of a legitimate business enterprise by racketeers. RICO requires conduct of an enterprise engaged in or affecting interstate commerce through a pattern of racketeering activity that causes injury to the business or property of plaintiff. (*American Computer* v. *Jack Farrell Implement* (D.Minn. 1991) 763 F.Supp. 1473, 1491.) In order to allege a civil RICO claim, a party must allege facts sufficient to show a pattern of racketeering activity sufficient to bring the claim within the provisions of 18 United States Code section 1961(1) which defines racketeering as certain specifically enumerated state felonies and violations of specific sections of the United States Criminal Code. (763 F.Supp. at p. 1491.)

### 3. *The Gravamen of the Injury Alleged Rests in Tort*

■ Collins's attempt to allege a RICO claim against a news media defendant based on publication and distribution of photographs or articles which may be defamatory is unprecedented. The invasion of privacy and libel injuries upon which the RICO claim is based are "like [those] claimed by the plaintiff in a personal injury action." (*Ingram* v. *City of Gridley* (1950) 100 Cal.App.2d 815, 823 [224 P.2d 798].)

As a matter of law, personal injury, including emotional distress, is not compensable under RICO. (*Genty* v. *Resolution Trust Corp.* (3d Cir. 1991) 937 F.2d 899, 918.) In *Genty,* the court explained: "Congress' apparent unwillingness to allow recovery for personal injuries under RICO appears to be consistent with enacting RICO and its specific intention to thwart the organized criminal invasion and acquisition of legitimate business enterprises and property. *Ample law already existed to provide recovery for . . . personal injuries.*" (At p. 918, italics added.) The *Genty* court found no

injustice in limiting a plaintiff's recovery for personal injuries to "ordinary non-RICO legal measures." (*Ibid.*; accord, *Rylewicz* v. *Beaton Services, Ltd.* (7th Cir. 1989) 888 F.2d 1175, 1180; *Berg* v. *First State Ins. Co., supra*, 915 F.2d at pp. 464-465.)

In *Doe* v. *Roe* (7th Cir. 1992) 958 F.2d 763, the court declined an invitation to view the economic aspects of personal injuries as "injuries to 'business or property,' " and commented: "Contrary to what Doe seems to suggest, whether she can show a financial loss does not, by definition, establish that she has suffered a business or property injury within [RICO]. Most personal injuries—loss of earnings, loss of consortium, loss of guidance, mental anguish, and pain and suffering, to name a few—will entail some pecuniary consequences. Perhaps the economic [consequences] of such injuries could, as a theoretical matter, be viewed as injuri[ous] to 'business or property,' but engaging in such metaphysical speculation is a task best left to philosophers, not the . . . judiciary." (*Id.* at p. 770.)

### 4. *The Facts and Circumstances Alleged Do Not Constitute Fraud for Purposes of a RICO Claim*

Collins is attempting to fit the facts and circumstances here into the specifically enumerated violations of law set forth in 18 United States Code section 1961(1) by alleging the photographs were "illegally" obtained and asserting fraud arising from publication of the photographs and the accompanying text. Collins attempts to equate the taking of the photographs and the publication of the article with "racketeering" activities within the provisions of 18 United States Code section 1961(1).

■ A fraud claim under both federal and state law requires (1) a representation or failure to disclose a material fact, (2) falsity, (3) knowledge of falsity, (4) intent to deceive, (5) reliance, and (6) damage arising from the reliance. (*American Computer* v. *Jack Farrell Implement, supra*, 763 F.Supp. at p. 1491; 5 Witkin, Cal. Procedure (3d ed. 1984) Pleading, § 661, pp. 109-111, and cases cited therein.) Mail and wire fraud requires an additional element—"the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension." (*Schreiber Distributing* v. *Serv-Well Furniture Co.* (9th Cir. 1986) 806 F.2d 1393, 1400.)

■ Who is the victim of the alleged fraud? It is not Collins. Collins cannot allege Globe made a representation of material facts, known to be false, on which representation Collins relied to her detriment. It is not the newspaper buying public. The public is well aware of the nature of the "news" contained in publications such as Globe and knowingly practices its constitutional right to purchase such publications.

Collins can allege nothing more than sales of newspapers which contain photographs of and articles about public figures, a "conspiracy" between the owners and employees of Globe to derive income from sales of newspapers which contained such photographs and articles about public figures, and reinvestment of the income obtained back into the newspapers. The conduct alleged by Collins in support of the RICO cause of action is not premised upon the requisite racketeering activity as defined in title 18 of the United States Code section 1961(1) and does not fit within the framework Congress designed RICO to redress. (*American Computer* v. *Jack Farrell Implement, supra,* 763 F. Supp. at pp. 1492-1493.)

## CONCLUSION

■ It is well established that First Amendment protections do not depend on the label attached to a cause of action. In order to protect society's interest in discussion of public concern, the First Amendment establishes a broad zone of protection within which the press may publish. (*Reader's Digest Assn.* v. *Superior Court* (1984) 37 Cal.3d 244, 265 [208 Cal.Rptr. 137, 690 P.2d 610].) "The First Amendment presupposes that the freedom to speak one's mind is not only an aspect of individual liberty—and thus a good unto itself—but also is essential to the common quest for truth and the vitality of society as a whole." (*Bose Corp.* v. *Consumers Union of U.S.* (1984) 466 U.S. 485, 503-504 [80 L.Ed.2d 502, 518, 104 S.Ct. 1949].)
■ The covert taking of photographs of a public figure while that public figure is on her private property and the publication and distribution of the photographs in a newspaper may be outrageous and offensive; however, such conduct does not constitute "racketeering" under RICO.

*Blatty* v. *New York Times Co., supra,* 42 Cal.3d at pages 1044-1045, held: "Not only does logic compel the conclusion that First Amendment limitations are applicable to all claims, of whatever label, whose gravamen is the alleged injurious falsehood of a statement . . . . If these limitations applied only to actions denominated 'defamation,' they would furnish little if any protection to free-speech and free-press values: plaintiffs suing press defendants might simply affix a label other than 'defamation' to their injurious-falsehood claims . . . and thereby avoid the operation of the limitations and frustrate their underlying purpose. [¶] . . . [¶] It follows that to prevent creative pleading from rendering the limitations nugatory, they must be broadly applicable whenever the gravamen of the claim is injurious falsehood." The allegations made here are nothing more than an attempt to avoid the protections given to speech by simply affixing labels other than invasion of privacy and defamation to the injury which is the gravamen of each and every cause of action alleged in the complaint.

*A common law tort based on allegations of injurious falsehood does not support a RICO claim.* The conduct alleged may be sufficient to support the torts of libel/injurious falsehood causes of action but does not amount to "racketeering activity" as defined in the statutory scheme. We reject the efforts of Collins and her counsel to allege a RICO claim based solely on distribution of a weekly tabloid which contained allegedly injurious falsehoods. Defamation and invasion of privacy arising from the publication of injurious falsehoods in a weekly tabloid do not constitute racketeering activities and cannot support a RICO claim. RICO was intended to combat organized crime, not to provide triple damage to every tort claimant. Although Collins cannot state a RICO cause of action against Globe, the unavailability of a RICO claim does not restrict Collins's right to recover under the normal tort causes of action.

As explained above, the facts and circumstances alleged do not and cannot support a RICO claim. Accordingly, the order overruling the demurrer and allowing Collins to proceed under RICO must be reversed. ■ Leave to amend is denied where, as here, the facts are not in dispute and the nature of the claim is clear but, under the law, no liability exists. (*Heckendorn* v. *City of San Marino* (1986) 42 Cal.3d 481, 489 [229 Cal.Rptr. 324, 723 P.2d 64]; *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court: (1) to vacate its order overruling the demurrer to the ninth cause of action in which Collins attempts to allege a RICO claim, and (2) to enter an order sustaining without leave to amend the demurrer to the ninth cause of action.