[No. F035818. Fifth Dist. Aug. 24, 2000.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
RODNEY BERRYMAN, SR., Real Party in Interest.

**COUNSEL**

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Arnold O. Overoye and Brian Means, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Lynne S. Coffin, State Public Defender, under appointment by the Court of Appeal, Jessie Morris, Jr., Deputy State Public Defender; and Charles M. Bonneau for Real Party in Interest.

**OPINION**

**ARDAIZ, P. J.—**

### STATEMENT OF FACTS

Real party in interest in this court, Rodney Berryman, Sr., was convicted of murder and sentenced to death in Kern County Superior Court. The

conviction and sentence were upheld by the California State Supreme Court. In a petition for writ of habeas corpus filed in the United States District Court for the Eastern District of California, real party in interest raised by collateral review over 20 claims of ineffective assistance of trial counsel.

Petitioner in the present case, the People of the State of California, represented by the State Attorney General, filed a motion in Kern County Superior Court seeking release of real party in interest's confidential funding requests pursuant to Penal Code section 987.9, which provides:

"(a) In the trial of a capital case or a case under subdivision (a) of Section 190.05 the indigent defendant, through the defendant's counsel, may request the court for funds for the specific payment of investigators, experts, and others for the preparation or presentation of the defense. The application for funds shall be by affidavit and shall specify that the funds are reasonably necessary for the preparation or presentation of the defense. The fact that an application has been made shall be confidential and the contents of the application shall be confidential. Upon receipt of an application, a judge of the court, other than the trial judge presiding over the case in question, shall rule on the reasonableness of the request and shall disburse an appropriate amount of money to the defendant's attorney. The ruling on the reasonableness of the request shall be made at an in camera hearing. In making the ruling, the court shall be guided by the need to provide a complete and full defense for the defendant.

"(b) The Controller shall not reimburse any county for costs that exceed Board of Control standards for travel and per diem expenses. The Controller may reimburse extraordinary costs in unusual cases if the county provides sufficient documentation of the need for those expenditures.

"At the termination of the proceedings, the attorney shall furnish to the court a complete accounting of all moneys received and disbursed pursuant to this section.

"(c) The Controller shall adopt regulations pursuant to Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code, controlling reimbursements under this section. The regulations shall consider compensation for investigators, expert witnesses, and other expenses that may or may not be reimbursable pursuant to this section. Notwithstanding the provisions of Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code, the Controller shall follow any regulations adopted until final approval by the Office of Administrative Law.

"(d) The confidentiality provided in this section shall not preclude any court from providing the Attorney General with access to documents protected by this section when the defendant raises an issue on appeal or collateral review where the recorded portion of the record, created pursuant to this section, relates to the issue raised. When the defendant raises that issue, the funding records, or relevant portions thereof, shall be provided to the Attorney General at the Attorney General's request. In such a case, the documents shall remain under seal and their use shall be limited solely to the pending proceeding."

Real party in interest opposed the motion. On May 17, 2000, the superior court denied the motion, ruling as follows:

"The Court, upon the request of the Attorney General, has taken judicial notice of the Amended Petition for Writ of Habeas Corpus and the Answer and Points and Authorities filed in response thereto.

"No information is before the Court that the Petitioner in such Habeas Corpus proceedings had filed his traverse, or that an evidentiary hearing has been ordered. Hence, until the Attorney General can establish a litigation purpose justifying access to the requested documents, statutory confidentiality remains intact."

On June 13, 2000, the present petition was filed. A preliminary opposition was filed by real party in interest on June 16, 2000. This court ordered a formal response, which was filed on July 10, 2000.

██ We conclude the filing of a petition for writ of habeas corpus alleging, among other things, claims of ineffective assistance of counsel due to counsel's failure to investigate and/or prepare a defense, constitutes raising by collateral review an issue or issues related to the recorded portion of the record created pursuant to Penal Code section 987.9. (Pen. Code, § 987.9, subd. (d).) No further "litigation purpose" beyond the filing of the petition for writ of habeas corpus is required by the section. The superior court therefore applied the wrong standard by ruling a traverse must be filed or an evidentiary hearing ordered before a motion filed pursuant to section 987.9 requesting the release of information can be considered on the merits.

We also note real party in interest is incorrect in arguing the superior court lacks jurisdiction to consider the matter. Nothing in Penal Code section 987.9 indicates the Legislature intended application for the release of information be dictated by the forum in which the collateral attack is filed. Indeed, the section provides that "any court" may provide the Attorney

General with access to the documents protected by the section where issues relating to the record created pursuant to the section are raised on collateral review. (Pen. Code, § 987.9, subd. (d).)

Petitioner is entitled to appropriate relief. (Code Civ. Proc., § 1085; see *Whitney's at the Beach v. Superior Court* (1970) 3 Cal.App.3d 258, 265 [83 Cal.Rptr. 237].) A preemptory writ of mandate is proper and should issue. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180-181 [203 Cal.Rptr. 626, 681 P.2d 893].)

## DISPOSITION

Let a preemptory writ of mandate issue directing the Kern County Superior Court to vacate its order of May 17, 2000, in Kern County Superior Court case Nos. 34841 and HC006060A, denying petitioner's "Motion to Provide Petitioner Attorney General with Copies of Documents Under Seal Pursuant to Penal Code section 987.9 . . . ," to reconsider the motion on the merits and to enter a new ruling on said motion in light of this opinion.

Dibiaso, J., and Levy, J., concurred.

A petition for a rehearing was denied October 31, 2000, and the petition of real party in interest for review by the Supreme Court was denied October 25, 2000. Werdegar, J., was of the opinion that the petition should be granted.