[No. C062419. Third Dist. Feb. 19, 2010.]

HENRY BURTON, JR., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Henry Burton, Jr., in pro. per., for Petitioner.

No appearance for Respondent.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**SIMS, Acting P. J.**—Pursuant to Penal Code section 1054.9,[1] a defendant sentenced to death or life without the possibility of parole may obtain

---

[1] Undesignated statutory references are to the Penal Code.

discovery materials from the superior court after unsuccessfully attempting to obtain such materials from trial counsel. Here, petitioner wrote to his trial counsel before filing a request pursuant to section 1054.9 in the superior court. The court denied the request because petitioner was not represented by an attorney. Petitioner filed the current petition for writ of mandate in this court, seeking to overturn the trial court's decision. Having concluded that there is no statutory requirement that a defendant be represented by an attorney at the time he pursues a section 1054.9 motion, we shall direct the superior court to vacate its order.

## BACKGROUND

Petitioner Henry Burton, Jr., was convicted in 1982 of two counts of murder, for which he received concurrent sentences of life without the possibility of parole. Section 1054.9 was enacted in 2002 and took effect at the beginning of 2003. It provides, in pertinent part: "Upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment in a case in which a sentence of death or of life in prison without the possibility of parole has been imposed, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, except as provided in subdivision (c), order that the defendant be provided reasonable access to any of the materials described in subdivision (b)." (§ 1054.9, subd. (a).) The state Supreme Court has held that the statute applies not only when a habeas corpus petition has been filed, but also when a defendant is preparing to file such a petition. (*In re Steele* (2004) 32 Cal.4th 682, 688, 691 [10 Cal.Rptr.3d 536, 85 P.3d 444].)

Petitioner wrote to counsel in December 2008, but was unable to obtain discovery materials. He subsequently filed a propria persona motion in the superior court pursuant to section 1054.9. On June 11, 2009, the court denied petitioner's motion. The court concluded that the legislative history of section 1054.9 indicated that it was intended to apply only to those defendants, sentenced to death or life without the possibility of parole, who were represented by counsel. The court explained that the statute was not "logistically geared" toward allowing a defendant to make such a request personally. Accordingly, the superior court dismissed petitioner's request "without prejudice to a new [section] 1054.9 motion that may be brought in the future by counsel on behalf of defendant."

Petitioner filed this propria persona petition for writ of mandate on July 20, 2009, challenging the superior court's decision. On July 27, 2009, this court requested a response from the Attorney General. The Attorney General filed its response on September 10, 2009. Petitioner filed a reply on September 18, 2009. On October 1, 2009, this court advised the parties that it was

considering issuing a peremptory writ in the first instance and that any further opposition was to be filed on or before October 13, 2009. No such opposition was filed.

## DISCUSSION

 Petitioner claims the trial court erred in dismissing his section 1054.9 request for materials. We agree. Nothing in the language of section 1054.9 limits the statute to defendants who are currently represented by counsel. Rather, subdivision (a) of section 1054.9 provides that, if conditions are satisfied, "the court shall . . . order that *the defendant* be provided reasonable access to any of the materials described in subdivision (b)." (Italics added.) Where the plain language of a statute is clear and unambiguous, there is ordinarily no cause to consider its legislative history or other authority. (See, e.g., *Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 508 [66 Cal.Rptr.3d 52, 167 P.3d 666]; *Microsoft Corp. v. Franchise Tax Bd.* (2006) 39 Cal.4th 750, 758 [47 Cal.Rptr.3d 216, 139 P.3d 1169].) This is such a case. The trial court's decision, quite simply, rewrites the statute to include the additional requirement that a defendant be represented by counsel in all cases, even though no such requirement was specified by the Legislature. Whatever may be thought of the wisdom, expediency, or policy of a statute, we have no power to rewrite the statute to make it conform to a presumed intention that is not expressed. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 585 [94 Cal.Rptr.2d 3, 995 P.2d 139].)

The Attorney General concedes that the trial court erred and that the plain language of the statute allows petitioner to invoke section 1054.9. The Attorney General emphasizes, however, petitioner's delay in seeking this material after the enactment of the statute. The Attorney General cites *In re Steele, supra*, 32 Cal.4th at pages 692–693, footnote 2, as support for the proposition that a court may deny a request under section 1054.9 based on a defendant's unreasonable delay. Accordingly, the Attorney General claims the superior court should have the opportunity to decide whether the request is timely.

We agree with the Attorney General that it is unnecessary for this court to reach the issue since the trial court did not address it in dismissing petitioner's request. We note that if the trial court grants relief under section 1054.9, it will require that materials be made available to petitioner that were "in the possession of the prosecution and law enforcement authorities." (§ 1054.9, subd. (b).) Accordingly, we conclude that the superior court should evaluate any objections by the district attorney's office to granting relief in this matter before ruling on petitioner's section 1054.9 request. The district attorney may (or may not) raise objections based on the alleged delay by petitioner in

making his request. We note that there is a case currently on review in the state Supreme Court in which the court is considering the issue of whether a motion under section 1054.9 must be brought within a reasonable time period. (*Catlin v. Superior Court* (2008) 166 Cal.App.4th 133 [82 Cal.Rptr.3d 554], review granted Nov. 19, 2008, S167148.)

## CONCLUSION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue the peremptory writ forthwith. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying petitioner's motion and to conduct further proceedings consistent with this opinion. Before entering a final ruling on petitioner's section 1054.9 motion, respondent superior court shall afford the district attorney's office the opportunity to file a response raising any objections to granting the relief requested and shall afford petitioner the opportunity to file a reply to the district attorney's response (if any is filed).

Nicholson, J., and Raye, J., concurred.