Filed 2/27/13  Gates v. Super. Ct. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LEON STEVEN GATES, | |
| Petitioner, | E057916 |
| v. | (Super.Ct.No. FVI1102143) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John M. Tomberlin, Judge.  Petition granted.

Leon Steven Gates, in pro. per., for Petitioner.

No appearance for Respondent.

Michael A. Ramos, District Attorney, and Stephanie H. Zeitlin, Deputy District Attorney, for Real Party in Interest.

1

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

A defendant has a constitutional right to proceed without counsel if he voluntarily and intelligently elects to do so. (*Faretta v. California* (1975) 422 U.S. 806, 807.) Such a request must be unequivocal and must also be made within a reasonable time before the commencement of trial. (*People v. Bradford* (1997) 15 Cal.4th 1229, 1365.) In ruling on such a request, the court should consider (1) the quality of counsel's representation, (2) the defendant's prior proclivity to substitute counsel, (3) the reasons for the request, (4) the length and stage of the proceedings, and (5) the disruption or delay which might reasonably be expected to follow the granting of such a motion. (*People v. Windham* (1977) 19 Cal.3d 121, 128.)

Here, petitioner clearly invoked his *Faretta* rights and asserted his desire to discharge counsel as soon as counsel began cross-examination at the preliminary hearing. At this point, the court had virtually no opportunity to evaluate counsel's performance, and its immediate rejection of petitioner's request prevented him from establishing the reasons why he wished to discharge counsel. However, the other factors are on petitioner's side. The record does not reflect any other instance of attempting to alter his representation status and petitioner expressly informed the court that he was ready to proceed immediately. (Cf. *People v. Cummings* (1993) 4 Cal.4th

1233, 1321.) The potential for disrupting the orderly process of an actual trial, with witnesses and jurors arranged, did not exist in this case. Hence, under *People v. Windham*, the request should have been considered timely and the court without discretion to deny it. In this respect, *Moon v. Superior Court* (2005) 134 Cal.App.4th 1521 is directly on point.

The only thing that makes this at all a close case is that after a brief recess during which counsel and petitioner spoke together, petitioner made no further objection but sat quietly as the hearing proceeded. However, by that time the trial court had already threatened to have petitioner removed if he interrupted or attempted to assert his *Faretta* rights again. Given the clear error of the court by that time, we think it inappropriate to find an implied withdrawal of the request.

Hence, petitioner was deprived of a substantial right at the preliminary hearing (*Moon v. Superior Court*, *supra*, 134 Cal.App.4th at p. 1531) and the trial court should have granted his motion to dismiss. Accordingly, we grant the petition.

DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to vacate its order denying petitioner's motion to dismiss, and to enter a new order granting the motion.

Petitioner is DIRECTED to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

CODRINGTON

Acting P. J.

We concur:

McKINSTER

J.

KING

J.