Filed 5/16/13  Weir v. Super. Ct. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ZACHARY L. WEIR,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>        Respondent;<br><br>―――――――――――――<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | D063771<br><br>(San Diego County<br>Super. Ct. Nos. MH107755, SCD241752,<br>SCD241929 & CD242246) |


PROCEEDINGS in mandate after superior court ordered the involuntary administration of antipsychotic medication.  Frederick Maguire, Judge.  Petition granted.


FACTUAL AND PROCEDURAL BACKGROUND[1]

The People filed three felony complaints charging Zachary L. Weir with drug offenses, burglary, identity-theft and other crimes.  On August 9, 2012, defense counsel expressed doubts about Weir's competency, and the court suspended criminal

―――――――――――――
[1]    We take judicial notice of the record in the companion appeal, D063067.

proceedings under Penal Code section 1368[2] and issued an order to have Weir evaluated. Although Dr. Michael Takamura was unable to conduct a face-to-face examination of Weir, who refused to participate, the doctor reviewed medical records and correspondence and opined that Weir suffered from a severe mental disorder that would impair him from fully understanding and making decisions in the action. On October 10, the court adjudged Weir to be mentally incompetent and issued an order committing him to Patton State Hospital and authorizing the involuntary administration of antipsychotic medication. Weir appealed the judgment of incompetency, order for commitment, and authorization for involuntary administration of medication (D063067).

In this petition, Weir asserts he is currently being required to take medication against his will. He argues the order authorizing forced administration of antipsychotic medication is not supported by substantial evidence—that it was based solely on Dr. Takamura's report and, except for a passing reference to the fact that Weir had taken antidepressant and anti-anxiety medications in the past and believed they hurt (rather than helped) him, the report contains no discussion, analysis or findings related to the need for antipsychotic medication or other drugs.

We requested an informal response to the petition and issued *Palma* notice. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

"[A]n individual has a 'significant' constitutionally protected 'liberty interest' in 'avoiding the unwanted administration of antipsychotic drugs.' " (*Sell v. United States*

---

2    All references are to the Penal Code unless otherwise specified.

(2003) 539 U.S. 166, 178 (*Sell*).)  The interest is so fundamental that it may be overcome only by "an 'essential' or 'overriding' state interest[.]"  (*Id.*, at pp. 178-179.)  As outlined in *Sell*, the government may involuntarily medicate a mentally ill criminal defendant to render him competent to stand trial *only* if the court finds important governmental interests are at stake; forced medication will significantly further the state interests in timely prosecution and a fair trial; alternative, less intrusive treatments are unlikely to achieve substantially the same results; and administration of the medication is medically appropriate.  (*Id.* at pp. 180-181.)

In 2004, the California Legislature amended section 1370 to comply with the dictates of *Sell*.  (*People v. O'Dell* (2005) 126 Cal.App.4th 562, 570; Pen. Code, § 1370, as amended by Stats. 2004, ch. 486, § 2.)  The statute authorizes the court to issue an order for a treatment facility to administer antipsychotic medication against the will of the defendant to render him or her competent to stand trial conditioned on certain findings.  (§1370, subd. (a)(2)(B).)  The order for forced medication is invalid, however, if there is no medical evidence to support it.  (*Carter v. Superior Court* (2006) 141 Cal.App.4th 992, 1003; *People v. O'Dell*, *supra*, at p. 572.)

The Attorney General agrees the order in this case is not supported by substantial evidence.  Specifically, the People assert the basis for the order appears to be Dr. Takamura's report, which does not address the issue of whether Weir requires antipsychotic medication, and there is nothing in the record to show that the trial court heard evidence and determined that Weir lacked the capacity to make decisions about medication as is required by statute.  The Attorney General concedes that Weir is entitled

3

to relief and asks us to remand the matter to the trial court for further proceedings under section 1370, subdivision (a)(2)(B).

Because the prosecution has conceded Weir's entitlement to relief, the law is well-settled, and the matter requires accelerated review, we conclude a peremptory writ in the first instance is proper. (Code of Civ. Proc., § 1088; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223, disapproved on another ground in *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 724, fn. 4; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate that portion of its October 10, 2012, order authorizing the involuntary administration of antipsychotic medication to petitioner Weir, and set the matter for further hearing. This opinion is made final immediately as to this court. (Cal. Rules of Court, rule 8.490(b)(3).)

_____

IRION, J.

WE CONCUR:


_____

McCONNELL, P. J.


_____

HUFFMAN, J.

4