Filed 10/29/13  Alexander v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| VARDAY ALEXANDER, as Trustee, etc., | |
| Petitioner, | E059410 |
| v. | (Super.Ct.No. RIC1109153) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| HSBC MORTGAGE SERVICES, INC., et al., | |
| Real Parties in Interest. | |


ORIGINAL PROCEEDINGS; petition for writ of mandate.  Matthew C. Perantoni, Judge.  Petition granted.

Robinson-Legal and Raymond G. Robinson for Petitioner.

No appearance for Respondent.

Katten Muchin Rosenman, Stuart M. Richter, Gregory S. Korman and Austin T. Beardsley for Real Parties in Interest.

In this matter, we have reviewed the petition and the opposition filed by real parties in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

First, we note that although real parties urged the trial court to grant their motions because petitioner's avenue of relief was under Code of Civil Procedure section 473,[1] it now takes the position that petitioner's subsequent motion filed under that section was misconceived, and that relief is only available under section 2033.300. On its face, that section appears to apply where a *volitional* admission has been made, which later proves ill-advised. (See *e.g. New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403.) Furthermore, as the Discovery Act does provide various methods by which a party may avoid the consequences of failing to respond to a request for admissions (*e.g.* § 2033.280, subd. (c)), it is not clear that section 473 is available either. (See *Scottsdale Ins. Co. v. Superior Court* (1997) 59 Cal.App.4th 263.)

Section 2033.280, subdivision (c), provides a clear avenue of relief from the drastic sanction of "deemed admissions" to a party that provides compliant responses

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

2

before the propounding party's motion to have the requests deemed admitted is heard. In this case, the record amply supports the conclusion that petitioner's previous attorney first provided grossly deficient assistance and then effectively abandoned petitioner. By the time of the hearing, petitioner's only clear remedy was to provide responses, and new counsel's communications reflected an intention to do so. By denying petitioner a brief continuance so that new counsel could prepare appropriate paperwork, the trial court essentially "killed" petitioner's case by affirming the deemed admissions. As noted above, any reliance upon the availability of relief under section 473, as suggested by real parties, was at least questionable. In any event, in our view the denial of a continuance was an abuse of discretion. Although in proceeding with the hearing the court in fact had no real power to deny real parties' motions, a brief continuance should have been granted to afford petitioner a meaningful opportunity to avoid the drastic consequences of deemed admissions.

Accordingly, the petition will be granted.

DISPOSITION

Let a peremptory writ of mandate issue, directing the superior court of Riverside County to vacate its orders granting real party's discovery motions, and to issue a new order setting the matter for a new hearing, on the understanding that any further delay would require an extraordinary showing of justification.

3

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

In the interests of justice, the parties shall bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.

4