Filed 10/30/14  Forsythe v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| JOSHUA NICKOLAUS FORSYTHE,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Real Party in Interest. | G050856<br><br>(Super. Ct. No. 30-2014-00748274)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, John S. Adams, Judge.  Petition granted.

Chad R. Maddox, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney and John R. Maxfield, Deputy District Attorney, for Real Party in Interest.

THE COURT: *

On September 29, 2014, both real party in interest and petitioner, Joshua Nickolaus Forsythe, announced ready for a suppression motion and jury trial on day 10 of 10. When the court denied the motion, it advised the parties that no jurors were available and continued the trial to the following day. Petitioner filed a motion to dismiss on the basis that he was denied his statutory right to a speedy trial. The trial court denied the motion and petitioner sought relief in the appellate division. When the appellate division also denied relief, petitioner filed a petition for writ of mandate in this court. This court invited real party in interest to file an informal response to the petition, and real party advised the court that it does not oppose the petition. The petition is granted.

FACTS

On April 11, 2014, petitioner, Joshua Nickolaus Forsythe, was arrested for misdemeanor driving under the influence pursuant to subdivisions (a) and (b) of Vehicle Code section 23152. On May 13, 2014, a complaint was filed and on June 4, 2014, Forsythe was arraigned out of custody on the complaint. According to the docket, at the time of arraignment, Forsythe entered into a general time waiver. At the pretrial on July 8, 2014, Forsythe revoked his time waiver and a jury trial was set for September 17, 2014. The docket noted September 17th was "Day 0 of 10."

On September 5, 2014, Forsythe filed a motion to suppress evidence pursuant to Penal Code section 1538.5[1], to be heard and considered prior to trial on

---

*        Before O'Leary, P. J., Ikola, J., and Thompson, J.
[1]        All further references are to the Penal Code.

2

September 17th. On September 15, the People filed a motion and declaration to continue the suppression motion pursuant to section 1050. According to the declaration, the deputy district attorney assigned to the case received a rejected subpoena from the Huntington Beach Police Department because the officer necessary for the hearing was scheduled for training between September 15, 2014 and September 28, 2014, and therefore unavailable on September 17, 2014.

On September 17, 2014, Forsythe announced ready for the motion and jury trial. The People announced ready for jury trial, but not ready for the motion. According to the docket, when Forsythe insisted the motion be considered before trial, the court made a finding of good cause to continue the motion and jury trial to September 29, 2014, and that "09/29/14 will be day 0 of 10."

Because Saturday, September 27, 2014, was day 10 of 10, the matter was called the next court day, Monday, September 29, 2014, and the court considered and denied the suppression motion. Although both parties had announced ready for jury trial, the docket states, the court advised the parties that jury selection would commence the following day. According to the docket, Forsythe advised the court that September 29th was day 10 of 10, objected to starting trial the following day, and disagreed with a ruling in a different court that September 29th represented day 0 of 10.

At 2:38 p.m., the court declared a recess and the court clerk called Jury Services to determine whether jurors were available. When the court advised the parties that no jurors were available, the docket indicates Forsythe made a motion for a bench trial. The People objected to a bench trial and the court denied the motion. Trial was trailed to the following day September 30, 2014, at which time Forsythe made a motion to dismiss. The court denied the motion.

On October 1, 2014, Forsythe filed a petition for writ of mandate in the appellate division of the superior court complaining he was denied his statutory right to a speedy trial pursuant to subdivision (a)(3)(B) of section 1382. On October 6, 2014, the

3

appellate division denied Forsythe's petition and he filed a petition for a writ of mandate in this court.

This court advised the People that Forsythe filed a petition seeking a peremptory writ and invited the People to file an informal response to the merits of the petition as well as the issuance of a peremptory writ of mandate "in the first instance." (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)

The People have advised the court that "After careful examination of this Court's order, the petition, the exhibits, and relevant statutes and cases, Real Party in Interest will not oppose the petition."

"Under section 1382, if an accused is not 'brought to trial' within the prescribed time period—in this case, the 10-day grace period—the court must order the action dismissed 'unless good cause to the contrary is shown.' The burden of showing good cause is on the prosecution." (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 780-781; Pen. Code, § 1382, subd. (a)(3)(B).) Delay caused by improper court administration does not constitute good cause. (*People v. Johnson* (1980) 26 Cal.3d 557, 570.)

DISPOSITION

Let a peremptory writ of mandate issue directing the superior court appellate division to vacate its October 6, 2014 order denying petitioner's petition for writ of mandate, and instead issue a new and different order granting the petition and directing the superior court to vacate its ruling denying petitioner's motion to dismiss on September 30, 2014, and enter a new and different order granting the motion. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

4