Filed 1/28/15  P. v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E061965 |
| v. | (Super.Ct.No. INF1302292) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| DARRYL INIGO FREEMAN, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of prohibition/mandate. William S. Lebov, Judge.  (Retired Judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Petition is granted.

Paul E. Zellerbach, District Attorney, Natalie M. Pitre, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

1

Steven L. Harmon, Public Defender, Brian L. Boles, Thomas M. Cavanaugh, Chad W. Firetag, Tracy M. Macuga, Assistant Public Defenders, Lisa M. Larson and Laura Arnold, Deputy Public Defenders, for Real Party in Interest.

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

DISCUSSION

When a petition is filed involving a motion to dismiss for insufficient evidence under Penal Code section 995, we directly review the decision of the magistrate, drawing every legitimate inference in support of the magistrate's ruling. (*People v. Laiwa* (1983) 34 Cal.3d 711; *People v. Superior Court (Costa)* (2010) 183 Cal.App.4th 690.) The standard is whether the evidence introduced at the preliminary hearing would allow a reasonable person to entertain a strong suspicion of the defendant's guilt. (*Lexin v. Superior Court* (2010) 47 Cal.4th 1050.)

In this case, the evidence presented at the preliminary hearing, viewed in the light specified above, was that defendant, upset over a planned trip by the victim, played "Russian Roulette" with a loaded handgun, once pointing it at the victim as he pulled the trigger. Meanwhile, defendant was threatening to kill the victim and/or himself. Shortly

2

thereafter, as the victim tried to contact relatives, defendant grabbed her by the neck and threw her down and choked her for several seconds.

The trial court erred in accepting as fact defendant's proffered explanation of his conduct as a foolish, drunken attempt to persuade the victim to stay with him, done without any intent to harm her. The evidence clearly supports the inference drawn by the magistrate—that defendant was distraught and willing to risk killing either himself or the victim, and then directly assaulted her with the intent to choke her to death.

Defendant asserts that even if there was sufficient evidence to support a finding of intent to kill, there was insufficient evidence that he premeditated the killing. There is no fixed amount of time during which a defendant must contemplate the crime; it is enough if there is sufficient time for some reflection over the intended act. (*People v. Watkins* (2012) 55 Cal.4th 999.) Again, the evidence was sufficient to support the conclusion that over the course of the incident, defendant had the time to form and reflect on his intent to kill the victim.

DISPOSITION

Accordingly, the petition for writ of prohibition/mandate is granted. Let a peremptory writ of mandate issue directing the Superior Court of Riverside County to vacate its order granting defendant's motion to dismiss, and to enter a new order denying the motion.

3

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

The previously ordered stay is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING

J.

We concur:

HOLLENHORST

Acting P. J.

RICHLI

J.

4