Filed 3/12/15  Bryan S. v. Super. Ct. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BRYAN S., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br> Respondent; <br><br> H.S., <br><br> Real Parties in Interest. | No. B261955 <br><br> (Los Angeles County Super. Ct. No. BF052057) |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Michelle Williams, Judge.  Writ denied as moot.

Irell & Manella, Joshua C. Lee, Stephen A. Rossi; Public Counsel, Nickole G. Miller, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

_____

On December 10, 2014, petitioner Bryan S. filed a request for a child custody order in family court, asking that his mother, H.S., be given sole legal and physical custody over him. At the same time, he filed a request for an order making the factual findings necessary to establish his eligibility for Special Immigrant Juvenile Status ("SIJS"). He submitted declarations from himself and his mother stating that his parents separated soon after he was born and that his father has never provided for his care. Bryan cannot recall the last time he saw his father. After arriving in the United States in September 2013, Bryan spoke to his father once by telephone and his father told him he would never see him again.

On February 10, 2015, the family court denied Bryan's requests. Bryan filed a petition for writ of mandate on February 17, 2015, seeking immediate relief because he would reach the age of majority in less than two weeks, on February 28, 2015. We issued a notice, pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180, indicating that we believed Bryan was entitled to relief and notifying the family court that it could avoid issuance of a peremptory writ by vacating its prior order and entering a new and different order granting relief (the "*Palma* notice"). By letter dated February 23, 2015, the family court notified us that it would not comply with the *Palma* notice. On the same day, the family court issued an order after a hearing stating its reasons for denying relief.

Because Bryan was to turn 18 years of age within a week, the matter likely would have been moot by the time this court issued a ruling. We therefore issued an injunction on February 24, 2015, pursuant to our inherent authority to issue injunctive orders "'to preserve the status quo, the effectiveness of the judgment subsequently to be entered, or otherwise in aid of [our] jurisdiction.'" (*People ex re. S.F. Bay etc. Com. v. Town of Emeryville* (1968) 69 Cal.2d 533, 539, italics omitted.) By that injunction, the family court was directed to vacate its February 10, 2015 and February 23, 2015 orders denying relief, and enter a new and different order granting Bryan's requests. The family court complied on February 25, 2015 by issuing an order granting sole custody of Bryan to his

2

mother and making SIJS findings. Because the requested relief has been granted, and because Bryan has since turned 18 years of age, we now deny the petition for writ of mandate as moot.


KRIEGLER, J.

We concur:


TURNER, P. J.


GOODMAN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.