Filed 7/24/15  Ledesma v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| RONALD CURTIS LEDESMA, | |
| Petitioner, | E063604 |
| v. | (Super.Ct.No. RID1501431) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| PATRICIA LEDESMA-CARNETT, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Eric Isaac, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Petition is granted.

Best Best & Krieger, and Kira L. Klatchko, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

1

In this matter we have reviewed the petition and the record filed therewith, and invited real party in interest to respond in opposition to the petition. No such response has been received. As we consider it a matter of settled principles of law, issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

Pursuant to Code of Civil Procedure section 170.6, subdivision (a)(2), if a court issues a notice of an all purpose assignment and there are parties who have not yet appeared, such parties have 15 days in which to file a peremptory challenge after the date of the party or parties' first appearance.

Here, petitioner filed his response to the petition on May 4, 2015, and "appeared" at that time. His peremptory challenge under section 170.6 was filed on May 7, 2015, and was clearly timely.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order rejecting or denying the peremptory challenge, and to enter a new order accepting the challenge and have the matter assigned to a new judge.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

In light of the lack of opposition to the petition, this opinion shall be final forthwith.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
        Acting P. J.

KING
      J.