Filed 8/31/15  Hampton v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| EDDIE LEE HAMPTON, | |
| Petitioner, | E063910 |
| v. | (Super.Ct.No. FSB17394) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Katrina West, Judge.

Petition granted.

Eddie Lee Hampton, in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

1

In this matter we have reviewed the petition, requested an informal response from respondent, and received no such filing. We have determined that resolution of the matter involves the application of settled principles of law, and that the equities favor petitioners. We conclude that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

Petitioner is currently incarcerated and contends he did not receive adequate credit toward his sentence. He requested transcripts from his sentencing hearing to prove this fact. The trial court initially granted the request but issued a subsequent minute order indicating the transcripts, which were 17 years old, had been destroyed. Petitioner asks us to order the release of his transcripts, for which he says he already paid, and for the disclosure of the name of the court reporter who transcribed his sentencing hearing.

Because it appears the transcripts no longer exist, we cannot order them produced. However, respondent has not indicated why it cannot provide the name of the court reporter who transcribed the sentencing hearing. It also failed to answer petitioner's allegation that he paid for transcripts but has not been reimbursed.

Accordingly, we have determined that the petition should be granted in limited part.

DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to ascertain whether it can determine the name of the court reporter who transcribed petitioner's sentencing hearing. If it can, the trial court is ordered to release that information to petitioner. In addition, we order the trial court to assess whether petitioner did, in fact, pay for transcripts. If he did and he has not been reimbursed, the trial court is to return to petitioner any and all monies he paid for the transcripts he has not received.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.