Filed 3/2/16  Southern Calif. Fleet Services v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| SOUTHERN CALIFORNIA FLEET SERVICES, INC., | |
|         Petitioner, | E065134 |
| v. | (Super.Ct.No. CIVDS1305106) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
|         Respondent; | |
| STABILUS, INC. et al., | |
|         Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John M. Pacheco, Judge.  Petition is granted.

Manning & Kass, Ellrod, Ramirez, Trester, and Steve Pyun for Petitioner.

No appearance for Respondent.

1

Marshall & French, and Susan K. Andersen for Real Party in Interest, Stabilus, Inc.

Sedgwick, Philip R. Cosgrove, Hall R. Marston, and Ryan E. Cosgrove for Real Party in Interest, Blue Bird Body Company.

Wilson Elser Moskowitz Edelman & Dicker, and Gregory K. Lee for Real Party in Interest, A-Z Bus Sales, Inc.

In this matter we have reviewed the petition and the opposition filed by real parties in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

We do not find it appropriate at this point to speculate on whether or not petitioner will in fact be able to provide evidence to support a challenge to the "good faith" of the settlement. The point of this matter as it now stands is simply that the trial court cannot reasonably decide real parties in interests' motions under Code of Civil Procedure section 877.6 until it decides whether or not petitioner is entitled to the additional discovery it demands. If, for example, the trial court should agree that real parties in interest have improperly evaded their obligations to respond, real parties in interest cannot equitably insist that their motion be heard just by saying "But believe us, there's nothing to find!"

Nor do we agree that petitioner should simply be relegated to its right to seek review of the ruling on the Code of Civil Procedure section 877.6 motion. Whether the trial court abused its discretion in failing to postpone that hearing is a separate issue.

DISPOSITION

Accordingly, the petition for writ of mandate is granted. Let a peremptory writ of mandate issue, directing the superior court to vacate its order denying petitioner's motion for a continuance, and to postpone the hearing on real parties in interests' motions under Code of Civil Procedure section 877.6 until the discovery issues have been finally resolved and those proceedings completed.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. Petitioner to recover its costs.

The temporary stay, previously ordered, having served its purpose, is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
J.

We concur:


HOLLENHORST_____
    Acting P. J.


McKINSTER_____
    J.


3