Filed 10/31/22 Hernandez v. Superior Court CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| GUADALUPE VINCENT HERNANDEZ,<br><br>      Petitioner,<br><br>            v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>      Respondent;<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>      Real Party in Interest. | G060472<br><br>(Super. Ct. No. 94WF1745)<br><br>O P I N I O N |

Petition for Writ of Mandate to vacate an order of the Superior Court of Orange County, Cheri T. Pham, Judge. Petition granted. Motion to dismiss denied.

Three Strikes Project and Milena Blake for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Genevieve Herbert, Deputy Attorneys General, for Respondent.

\* \* \*

## FACTS

Some cases do not sit well. This is one of them.

In March 2021, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended that Guadalupe Hernandez's sentence be recalled, and that he be resentenced in light of his stellar behavior during his 25 years of incarceration.

On May 4, 2021, despite the fact that Hernandez had retained counsel, the CDCR's recommendation was denied by the trial court—an order that affected Hernandez's "substantial liberty interest" (*People v. Mendez* (2021) 69 Cal.App.5th 347, 351)—without attempting to notify Hernandez or his counsel that it was considering the issue. The court thereafter failed to provide notice to Hernandez that it had issued the order; instead, it served notice only on the Secretary of the CDCR.

After Hernandez's counsel learned directly from the CDCR of its resentencing recommendation, she appeared in the trial court and moved to set a case management conference to address the issue. The trial court denied the motion in an order stating it had already rejected the recommendation.

Hernandez then moved for reconsideration of the resentencing recommendation, citing cases holding that it is an abuse of discretion for the court to reject a CDCR resentencing recommendation without first notifying the defendant and affording him or her an opportunity to submit additional information bearing on the issue. On July 2, 2021, the court denied that motion as well. The court advised Hernandez that

2

"[t]o the extent [he] seeks to challenge the court's prior ruling, [it] is an appealable order."

Hernandez's counsel, located in northern California, prepared a notice of appeal that same day and sent it to the court via Federal Express with a scheduled delivery on July 6, 2021, which was the next court day following a holiday weekend. For reasons not explained in the record, the court did not file the notice until July 12, 2021.

In February 2022, the Attorney General moved to dismiss Hernandez's appeal on the ground the notice of appeal was not timely filed. After Hernandez filed his opposition to the motion to dismiss, we notified the parties we would consider the motion in conjunction with the merits of the case.

In March 2022, the Attorney General filed his respondent's brief conceding the merits and agreeing the case should be remanded to the trial court for a further hearing in light of changes to the applicable law that became effective as of January 2022.

In July 2022, we issued an order informing the parties we were considering treating the appeal, and Hernandez's opening brief, as a petition for writ of mandate seeking an order to (1) compel respondent court to vacate the order entered on May 4, 2021, and (2) give the parties notice and an opportunity to be heard before the court rules on the CDCR's recommendation. We also informed the parties we were considering treating the Attorney General's brief as a concession of the petition. We ordered the Attorney General to file any opposition to those proposals within 10 days. (See *Palma v. U.S Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.)

We have received no opposition from the Attorney General. We will therefore treat Hernandez's appeal as a petition for writ of mandate, and we issue a peremptory writ in the first instance.

**DISCUSSION**

In this case, the court erred by considering and rejecting the CDCR's resentencing recommendation without giving Hernandez notice that the issue was under consideration and affording him an opportunity to submit additional information pertaining to the issue. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 206-207, 218-219; *People v. Williams* (2021) 65 Cal.App.5th 828; *People v. Mendez, supra*, 69 Cal.App.5th at p. 355.) Because of that error, the court must vacate its order and provide the parties with notice and an opportunity to submit evidence before ruling on the CDCR's recommendation.

Moreover, on January 1, 2022, while the case was pending in this court, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719) took effect. (See Cal. Const., art. IV, § 8; Gov. Code, § 9600, subd. (a).) The bill moved the recall and resentencing provision of former Penal Code[1] section 1170, subdivision (d)(1), to the newly created section 1170.03, and also revised the terms of that provision. (Stats. 2021, ch. 719, § 3.1.) Effective June 30, 2022, the Legislature passed Assembly Bill No. 200 (2021-2022 Reg. Sess.) to, among other things, renumber section 1170.03 as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 9.)

Section 1172.1 requires a court to "apply any changes in law that reduce sentences or provide for judicial discretion" when resentencing under the recall statute. (§ 1172.1, subd. (a)(2).) Going forward a court must hold a hearing and state its reasons on the record for granting or denying recall and resentencing. (*Id.*, subds. (a)(6) & (8).)

Additionally, the new statute provides that where, as here, the recall request is initiated by the CDCR, the superior court must apply a presumption in favor of recall that can be overcome only by a finding that the defendant poses an unreasonable risk to public safety, as defined in section 1170.18, subdivision (c). (§ 1172.1, subd. (b)(2).)

---

[1] All further references are to this code.

The court shall apply that new law when considering whether to follow the CDCR's recommendation.

## DISPOSITION

Let a peremptory writ of mandate issue ordering respondent court to vacate the order entered on May 4, 2021, in which it declined to follow the resentencing recommendation of the CDCR, to give the parties notice, and to conduct a hearing as required by section 1172.1.

In the interest of justice, this opinion is deemed final as to this court forthwith and the clerk is directed to immediately issue the remittitur. (Cal. Rules of Court, rule 8.490(b)(2)(A).)


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.