Filed 10/10/23  Woodward v. Superior Court CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| GREGORY JAMES NICHOLAS WOODWARD, | |
| Petitioner, | C099344 |
| v. | (Super. Ct. No. CR0001811) |
| THE SUPERIOR COURT OF NEVADA COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

This petition for writ of mandate by Gregory James Nicholas Woodward challenges a June 5, 2023 decision by respondent Nevada County Superior Court denying bail.  Petitioner claims respondent court erred in denying him bail because he does not fall within any of the exceptions to the general right to bail set forth in article I, section 12 of the California Constitution (section 12). We agree.

1

FACTUAL BACKGROUND

On May 19, 2023, petitioner was charged by felony information with evading a peace officer with wanton disregard in violation of Vehicle Code section 2800.2, subdivision (a), possession of a firearm by a felon in violation of Penal Code section 29800, subdivision (a), possession of a controlled substance while having a loaded firearm in violation of Health & Safety Code section 11370.1, possession of a controlled substance for sale in violation of Health & Safety Code section 11378, and transportation of a controlled substance in violation of Health & Safety Code section 11379, subdivision (a).  On June 2, 2023, he was arraigned before the magistrate, who denied bail and set a bail hearing for June 5, 2023.  Following that hearing, petitioner was again denied bail.  Petitioner sought relief in the superior court by filing a petition for writ of mandate, which was denied on July 27, 2023.

On September 25, 2023, this court advised the parties that we were considering issuing a peremptory writ of mandate in the first instance and provided additional time to file any further opposition.  (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.)  None was received within the time provided.

DISCUSSION

Petitioner claims he is entitled to bail based on section 12.  Section 12 provides in relevant part:  "A person shall be released on bail by sufficient sureties, except for:

"(a) Capital crimes when the facts are evident or the presumption great;

"(b) Felony offenses involving acts of violence on another person, or felony sexual assault offenses on another person, when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or

"(c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released."

2

Petitioner does not fall within any of the exceptions set forth in section 12. Accordingly, we find he is entitled to bail consistent with the reasoning of the court in *In re Kowalczyk* (2022) 85 Cal.App.5th 667, review granted March 15, 2023, S277910, which holds that persons who do not fall within any of the exceptions set forth in section 12 are entitled to bail. (*Kowalczyk*, at pp. 684-685.)

DISPOSITION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue a peremptory writ forthwith and without oral argument. (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1243-1244; *Palma v. U.S. Industrial Fasteners, Inc., supra*, 36 Cal.3d at p. 178.) Let a peremptory writ of mandate issue directing the Nevada County Superior Court to (1) vacate its June 5, 2023 ruling denying petitioner bail, and (2) hold a new bail hearing consistent with the procedures described in *In re Humphrey* (2021) 11 Cal.5th 135, which sets forth the relevant factors the court must consider in determining bail. (*Id.* at pp. 152-156.) This opinion shall become final forthwith in this court immediately upon filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)


　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　　MAURO, Acting P. J.



We concur:



　　/S/
KRAUSE, J.



　　/S/
BOULWARE EURIE, J.


3